# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF C. D. W., DATE OF BIRTH: 12/24/1998.

No. 78587

C. D. W.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

FILED

OCT 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appeal from a juvenile court order adjudicating appellant as an adult sex offender for purposes of registration and notification. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

When C.D.W. was 17, he pleaded guilty to open or gross lewdness for placing his penis in his half-sister's mouth while she slept and then attempting to vaginally penetrate her. The State "held open" an additional charge of attempted sexual assault stemming from the incident, and the juvenile court placed C.D.W. on probation. Four years later, C.D.W. violated the terms of that probation by, among other things, living in unapproved housing with three minor girls, one of whom committed suicide after being found sleeping with him in his bed. Accordingly, the State petitioned to revoke his probation.

The juvenile court subsequently adjudicated C.D.W. on the held open sexual assault charge. And, because C.D.W. had turned 21 in the interim, the court further held a hearing to determine whether C.D.W. would be required to register as a sex offender pursuant to NRS 62F.340 ("If a child has been adjudicated delinquent for a sexual offense, the juvenile court shall hold a hearing when the child reaches 21 years of age . . . to

20-35995

determine whether the child should be subject to registration and community notification."). Following that hearing, the court found that C.D.W. was not rehabilitated, posed a continuing threat to the community, and should be subject to sex offender registration and reporting requirements. C.D.W. appeals.

C.D.W. limits his argument on appeal to an issue of singular, constitutional dimension—namely, that NRS 62F.340(5) (listing factors to guide a court's determination in an NRS 62F.340 hearing) is void for vagueness. Indeed, despite the fact that C.D.W.'s complaints on appeal appear to relate to the juvenile court's application of the statute, C.D.W. does not alternatively argue that the district court misapplied the statute such that reversal and remand might be appropriate. And C.D.W. makes his narrow constitutional argument for the first time on appeal, largely summarily, and with little legal support. Accordingly, we decline to consider it, *see State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 507, 306 P.3d 369, 379 (2013) (noting that this court may decline to exercise its discretion to hear a constitutional issue not litigated in the juvenile court), and

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. William O. Voy, District Judge, Family Court Division
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A